(No. 2843—

DICK TADEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 16, 1936.*

A. FRED KENDALL, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

For some time prior to and on September 27, 1934 claimant was employed by respondent in the Department of Public Works and Buildings, Division of Highways. On the latter date while unloading gravel the dipper of the crane crushed claimant's index finger on the left hand against the door of a freight car.

It appears from the record that notice of the accident was given respondent within thirty (30) days thereafter and that claimant was totally disabled for a period of sixteen (16) weeks, partially disabled for a period of eight (8) weeks and that it became necessary to amputate his left index finger at the second joint, thereby losing the first two joints of said finger. Claimant incurred a Doctor's bill with Dr. F. F. Buckner of Watseka, Ill. in the amount of Eighty Eight ($88.00) Dollars, no portion of which has been paid.

Claimant's earnings at the time of the injury were Three and 20/100 ($3.20) Dollars per day, and he had two children— Evelyn, aged fourteen (14) years and Weldon, aged eight years.

The complaint was filed with the clerk of this court on February 15, 1936, and the Attorney General has filed a motion to strike compensation items by reason of the fact that the accident is alleged to have occurred September 27, 1934 and that the claim is therefore barred, under the terms of *Section 24* of the *Workmen's Compensation Act*, for not having been filed within one year from the date of the accident. The complaint recites that the claim was presented to the Industrial Commission and was dismissed for want of jurisdiction. There is no recital as to when it was filed with the Industrial Commission or when it was dismissed, but presumably it was filed with said Commission within one year after the accident. Claimant contends that inasmuch as the Industrial Commission and the Court of Claims are both State agencies, the State had due notice of the claim having been filed with the Industrial Commission, and that therefore when the latter dismissed the claim for want of jurisdiction, claimant should be entitled to file the claim with the

Court of Claims at any time within the limitation period of five years prescribed by our rules, and that the limitation of *Section 24* of the *Workmen's Compensation Act* should not apply.

The Act creating the Court of Claims and prescribing its powers (Approved June 25, 1917, as amended), grants to the Court of Claims the power "To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination *to be made in accordance with the rules* prescribed in the Act commonly called the Workmen's Compensation Act; the Industrial Commission being hereby relieved of any duty relative thereto, (Par. 6, Sub-Sec. 6.)"

This court has held repeatedly that in the consideration of claims filed under the Workmen's Compensation Act it has no authority to pick out certain rules or provisions of the latter Act by which the court will be governed in determining the rights of claimant and respondent and ignore certain other rules and provisions of said Act in arriving at its conclusions. *Section 24* of that Act provides, "That in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the injury or within one year after the date of the last payment of compensation, the right to file such application shall be barred." The wording of the Court of Claims Law (supra), stating that the Industrial Commission is hereby relieved of any duty relative to the claims of State employees, and transferring such jurisdiction to the Court of. Claims, is clear and certain. It therefore naturally follows that claims for compensation to be considered by this court must be filed with this court under the provisions of *Section 24* of the *Workmen's Compensation Act* within the same time that claims of private employees are required to be filed by them with the Industrial Commission. The latter is a tribunal created by the State for the hearing of claims of private litigants, and the fact that plaintiff filed his claim with that Commission does not bring him within the jurisdiction of this court any more than if his claim had been filed in one of the County or Circuit Courts of our State. The Workmen's Compensation Act gives to claimants certain privileges, but it also prescribes certain limitations. It is not the province of the Court of

Claims to depart from the limitations prescribed by such legislation. The motion of the Attorney General, to strike and dismiss all of said claim except the item of Eighty Eight ($88.00) Dollars for medical expense incurred by claimant and due Dr. W. F. Buckner, is allowed. As the claim for medical service is not classed as compensation under existing decisions, it does not have to be filed within the limitation period of one year. An award is therefore allowed in favor of claimant, Dick Taden, for the use of Dr. W. F. Buckner, in the sum of Eighty Eight ($88.00) Dollars.